ANNA G. BOSSEL v. LOUISA WATERS.

Circuit Court — Judgment In — When Will be Reversed.

A judgment of a Circuit Court rendered on a note which the Supreme Court has directed the Chancery Court to issue, a writ of injunction to restrain plaintiff from proceeding at law to collect will be reversed.

Suit in the Circuit Court of Harrison county by Mrs. Louisa Waters against Mrs. Anna G. Bossel on a promissory note for $1,200. From verdict and judgment for plaintiff, defendant appeals.

Appellant filed a bill in the Chancery Court of Harrison county in January, 1880, against appellee, charging that appellee had failed to pay certain notes therein described, and had failed to pay to her monthly stipends of $25, as she had contracted to do.

Appellee set up in her answer that a settlement had been had between them, and on that settlement it was found that the complainant owed her $1,200, and gave her a note for that sum. On final hearing in that case, the chancellor suppressed all evidence in regard to the note, for reasons assigned in his opinion. There was a decree in that case for the complainant, appellant here, from which the defendant, Mrs. Waters, appealed. That decree was rendered without prejudice to the right of defendant to sue on the note, either at law or in equity. That decree was reversed in cause No. 4018, Waters v. Bossel, and the court directed an order to be entered restraining Mrs. Waters from proceeding at law to collect the note. Pending the appeal in that case, Mrs. Waters sued on the note, in this case, in the Circuit Court of Harrison county, and recovered a judgment against Mrs. Bossel, from which she appeals.

APPEALED from Circuit Court, Harrison county, S. H. TERRAL, Judge.

Reversed, March 19, 1883.

*Attorney for appellant, Chas. H. Wood.*

*Attorneys for appellee, Seal & Cullen.*

Brief of Chas. H. Wood:

We will consider the first and third causes of error together, and note the second cause first.

The introduction and reading to the jury of the depositions of Mrs. Waters, the plaintiff, was clearly wrong, as there is no statute allowing *parties interested* in a *suit* to *take their own depositions* in the Circuit Court.

Section 1608, Code 1880, allows the "depositions of witnesses" to be taken under certain circumstances, but not a *party* to a suit in the Circuit Court of our State.

The action of the court below in permitting the depositions of Mrs. Waters, Mrs. Freelander, Holley and Montross to be read to the jury, taken in the Chancery Court, and in an entirely different case, is manifestly wrong. I nowhere find any authority for allowing depositions taken in one court to be read in another. And, as the action is in no no wise connected with the case in the Chancery Court, it was error in the court below to allow the depositions of Mrs. Waters, Freelander, Holley and Montross to be read to the jury. The note sued on in this case was not before the Chancery Court, as no cross-bill was filed. As to what circumstances will allow the depositions taken in one court to be read at law, see Greenleaf on Evidence, Vol. 1, §§ 552, 553, pp. 664, 665, 666, 5th Ed.; Harrington *v.* Harrington, 2 H. (Miss.) 701; Merrill *v.* Bell, 6 S. & M. 730.

The $1,200 sued on in the Circuit Court was not made a cross-bill, and, therefore, was not before the Chancery Court when these depositions were taken. If the testimony had been different of these four witnesses whose depositions were taken in the Chancery Court, it certainly would have been prejudicial to the plaintiff below.

I respectfully submit that it was error in the court below to admit the depositions complained of, and the case should be reversed and remanded for a new trial.

Brief for appellee is not found in the record.

Opinion.—*Per curiam:*

For reasons given in the chancery suit between these parties (Waters *v.* Bossel), the judgment in this case is *reversed.*